Curia, per Harped., Ch.
Upon the opening of this case, the principles on which the decree is founded struck me as being of a new impression, but upon examination I am satisfied that nothing is more perfectly settled by authority, without any conflict of authorities whatever. The points to be considered are :
1.-What are the rights and remedies of an administrator de bonis non, as against the personal representative of a deceased executor or administrator 1
2. Is it competent for creditors or legatees to proceed directly to recover their demands against the legal representative of the deceased executor or administrator ?
*125 3. If they may, is an administrator de bonis non a necessary party to such suit 1
The case of Coleman vs. McMurdo, 5 Rand. 51, decided by the Supreme Court of Virginia, and that of Hagthorp vs. Hook, 1 Gill and Johns. 270, by Chancellor Bland of Maryland, are directly in point. The former of these cases was examined with an elaborate research, to which it would be difficult to add any thing. The general principle is, that an administrator de bonis non can only recover from the representative of the deceased executor or administrator, such chattels or personal estate of the testátor or intestate, as remain in specie, and has no right to call him to account for any part of the estate sold, converted, or wasted by him.
This is founded on the nature of his commission, which gives him a title to all the goods which remain unadministered. Before the statute of distributions, the executor was entitled to the whole personal estate, subject to the payment of debts and legacies. When, therefore, he sold or converted any part of it, this was understood to be a seizing or taking possession in his individual right, as an executor or administrator may now assent to his own legacy. The goods were said to be administered, and no longer in his possession as executor or administrator. If he failed to retain enough of the estate to meet the claims of creditors and legatees, he was liable for a devastavit, as of his own personal debt; and it is certain that the rule of law has not changed since the statute. As quoted from the Attorney General vs. Hooker, 2 P. Wms. 340, “as to what has been urged, that if an executor dies intestate, all the personal estate, the properly whereof is not altered, shall go to the administrator de bonis non, (fee. and not to the next of kin of the executor, this is true, because from the time the executor dies intestate, the first testator dies intestate also, and it was the executor’s own fault that he did not, as he might, alter the property.” If the administrator de bonis non might recover the whole of the estate, or its value, the right of the first executor might be defeated, and the estate indefinitely transmited from administrator de bonis non to administrator de bonis non. This is different from the case of a temporary administrator durante absentia, (fee. whose commission extends to the whole estate, and who is said to hold for the proper administrator. So it is where administration is revoked.
If would be superfluous to go over all the English cases in *126 'detail. There are various modifications of the principle which serve to illustrate it. As where an executor or administrator takes a note to himself as executor, or lets a term reserving rent to himself, though it would be different if he took the note or reserved the rent to himself in the character and by the name of executor or administrator. This would amount to a declaration of trust, and.shew his intention not to convert to his own use. So, if receiving money, he lays it aside by itself as money of the estate; Wankford vs. Wankford, 1 Salk. 306. So, if he fraudulently aliens to a person who knows the property to belong to the estate, the administrator may set aside the sale and recover the property from the purchaser. Cubbidge vs. Boatwright, 1 Russ. 549. So, if he changes the investment of stock. 1 Wms. on Ex’ors. 595, where the authorities are collected. There is nothing like this in the case before us. The whole estate is charged to have been sold, and it is not lmowri how the proceeds were disposed of. The sale was by proper authority, and there is no question of the title of the purchasers. The statute 30 Car 2, c. 7, 2 Stat. 529, enlarged and perpetuated by 4 and 5 W. and M. c. 24, P. L. App. 14, somewhat differently quoted in the Virginia case, is very conclusive of this matter. That statute recites “whereas, the executors and administrators of such persons who have possessed themselves of considerable personal estates of other dead persons, have no remedy by the rules of the common law, as it now stands, to pay the debts of those persons whose estate hath been so converted by their testator or intestate,” &c. and enacts for remedy, “that all and every the executors and administrators of such persons, who as executors, or executors in his or their own wrong, or administrators, shall, from and after the 1st day of August next ensuing, waste or convert any goods, chattels, estate or assets of any person de-deased, to their own use, shall be liable and chargeable in the same manner as their testator or intestate would have been if they had been living.” Now, if the administrator de bonis non might have an account and recover for the assets wasted or converted, it could not be said that the creditors of persons whose estates had been wasted, were without remedy. He would be bound to pay their debts and would be personally liable if he did not. This is confirmed, if confirmation were necessary, by the absence of all authority to the contrary. After reviewing the authorities, one of the judges in the case of Coleman vs. McMurdo, says, “to meet this formidable array, what *127 is there on the other side ? Not one single case ; not the dictum of a single Judge, not the assertion of an elementary writer, that the administrator de bonis non, either at law or in equity, can support an action or file a bill for an account against the representative of a delinquent executor or administrator.”
The next question 'is, whether the creditors, legatees or distribu-tees of the person whose estate has been wasted, may proceed directly against the representative of the executor or administrator. In the case of creditors, where the estate has been wasted by an administrator, the statute, as I have quoted it, is conclusive. Some of the cases to which I have refered, relate to the case of waste by .an executor and to distributees. There are other cases to the same effect, to which I shall have occasion to refer. In the American cases, to which I have refered, the cases of executors and administrators, creditors and legatees, or distributees, are considered indiscriminately, as standing on the same footing. The doctrine is laid down, and the manner of proceeding by creditors, pointed out, in Wheatly vs. Lane, 1 Saund. 216.
But it is clear that the Court of Equity exercised jurisdiction, to relieve in such cases, before, and independently of, the statute. In Coleman vs. McMurdo, the cases of Chamberlain vs. Chamberlain, 1 Ch. Ca. 257, Vanacres case, lb. 303, (a) and Prince vs. Morgan, 2 Ch. Ca. 217, are cited. In the last case it is said that “although, by the common law, where the executor wastes, his executor shall not be liable, because it is a personal wrong, it is otherwise here; and the common law will come to it at last.” It may be observed, that it was by statute that the executor of an executor was made to represent the first testator. As it is clear that the administrator de bonis non cannot sue, legatees and distributees, or creditors, in case the executor who wastes does not appoint an executor, must be entirely without remedy, unless this court can afford relief. . The equity of legatees stands on precisely the same footing .with that of creditors. If it were a new case the court would assume jurisdiction, on the familiar general principle that where there is a clear right, and no remedy in any other jurisdiction, this court will take jurisdiction, provided it afford effectual relief according to its ordinary methods of proceeding. The right to be satisfied out of the estate of the defaulting executor or administrator cannot be questioned. To give an account of assets *128 wasted is the familiar method of proceeding in the case of the executor or administrator himself, and is equally applicable in the case of his administrator.
Then, is it necessary, in a suit by a creditor or legatee against the administrator of an administrator or executor, that an administrator de bonis non should be a party? I infer that it is not necessary. The statute 30 Car. 2, giving a remedy, does not require it.
In many of the decided cases, in which the suit was against the representative of an executor or administrator, it does not appear that such administrator was a party. The same point was considered in Coleman vs. McMurdo. One of the Judges in that case says, “as in the case of an executor de son tort, it is said, ‘There is no precedent in the Court of Equity of a decree against him, without setting up an administration, fo.r if there should be an administrator, and the defendant pay the money, he would be liable to the administrator.’ Bunb. 36, yet in the numberless cases cited in argument, in which the legatees and distributees prosecuted suits against the representatives of deceased executors or administrators, for the assets converted, the administrator de bonis non was not a party, nor was the necessity of his being a party suggested. 11 Yin. Ab. 420, pi. 4; lb. 427, pi. 11 ; lb. 423, pi. 18 ; Orr vs. Kames, 2 Ves. Sen. 194.” I have verified the references made by the Judge. In Orr vs. Kames, the bill was said to have been against the representative of a deceased executor, from which it seems to be infered that it was an administrator, and not the executor of the executor.
In the proceeding by a creditor, as authorized by the statute, at law, it is of course impracticable to make an administrator de bonis non a party. The idea seems to be that you cannot pronounce a judgment affecting the estate of the original testator or intestate, without having that estate represented in the cause. The administrator de bonis non is said to be the only person competent to defend that estate. But this is a misconception. Where there is a judgment at law against an executor or administrator upon a devastavit, the judgment is against the individual, as for his own personal debt. So when it is against his representative, it is for the personal debt of his immediate testator or intestate. It is true, as explained in the cases, that he may defend the estate of the original testator or intestate, by shewing that the debt was not due, or the party claiming is not *129 entitled, but this is only incidental to the defence of the estate of his proper testator or intestate, and practically, having every thing in his hands, papers, (fee. he is better qualified to make such defence than an administrator de bonis non would be. So, when this court decrees against an executor or administrator, for assets converted, it is for his personal debt. And in like manner for the debt of his testator or intestate when it decrees against the representative. It is plain that the various cases cited in argument, Davis vs. Rhame, 1 McC. Ch. 195, Gregory vs. Forrestor, lb. 324, Farley vs. Farley, lb. 506, Bradford vs. Felder, 2 McC. Ch. 170, laying down the rule generally, that a creditor cannot sue the person in possession of the estate without administration, have no application to the matter we are considering. The complainants are suing the administrator of their proper debtor. Besides, I believe they were all cases in which there was no original administration ; and if the rule were otherwise, the necessity of administration would be dispensed with altogether.
In Holland vs. Prior, 1 Mylne and Keene, 237, the bill was against an administrator de bonis non, to which the representative of a deceased executor was made a party, charging that the latter had in his hands assets of the original testator unadministered. The question was whether this latter was properly made a party. The administrator de bonis non is the proper party to recover unadministered assets, and in general the administrator represents all persons interested in the estate, and is alone to sue or be sued. The case was held to make an exception, on a like principle as where there is a collusion between the executor and a third person, or where there is a partnership to be settled. He was held to be a proper party, because it was necessary that he should be so, in order to do complete justice between all the parties, and put an end to litigation. And I can conceive if there were an existing administrator de bonis non, who, besides the liability for his testator or intestate’s estate, might be supposed to have assets in his hands, the court might require him to be made a party; certainly he would be a proper party. Or if there were assets of the original estate unadminis-tered in the hands of the representative of the deceased executor or administrator, which the administrator de bonis non alone could recover, the court might require administration to be taken out. But there can be no doubt of the general rule, that in bills for relief, it is not necessary to make a party against whom you *130 can have no relief. But in the present case, the allegation is that the original administratrix converted the whole estate. If this be true, and it must be taken to be so, it is impossible that an administrator de bonis non could have any assets in his hands, or be entitled to recover any. Can it be said, then, that he is a necessary party, to enable the court to do complete justice and put an end to litigation ?
The decree is affirmed.
JohnsoN, Ch. concurred.
JohnstoN, Ch. absent.

 Cited in 1 Bridg. Dig. (2d ed.) p. 757, Executors VI. 260.